Filed 1/23/24  P. v. Real CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B328619 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA052682) |
| v. | |
| RANDY REAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

Randy Real, in pro. per.; and William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 2001, a jury found Randy Real guilty of attempted willful, deliberate, and premeditated murder. He thereafter petitioned for resentencing under Penal Code section 1172.6,[1] which limited accomplice liability for murder. The trial court denied the petition, and Real appealed. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Real filed a supplemental brief in which he argues that a gang enhancement was used to prove premeditation and deliberation. As we now explain, the trial court did not err in denying the petition.

## INTRODUCTION

In 2001, Real shot and wounded Michael Wright, who testified at trial that Real yelled the name of a gang before shooting him.[2] Another witness identified Real as the shooter. Real was charged with one count of attempted willful, deliberate, and premeditated murder (§§ 664, subd. (a), 187, subd. (a)), and a jury found him guilty of that crime. The jury also found true personal gun use (§§ 12022.5, subd. (a)(1), 12022.53, subds. (b), (c) & (d)) and gang (§ 186.22, subd. (b)(1)) allegations and that Real personally inflicted great bodily injury (§ 12022.7, subd. (a)). A trial court sentenced Real to 55 years to life in prison.

---

[1]     All further undesignated statutory references are to the Penal Code.

        Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2]     We derive the background from the opinion affirming the judgment of conviction on direct appeal, *People v. Real* (Feb. 6, 2003, B154473) [nonpub. opn.].

In 2022, Real petitioned for resentencing on his attempted murder conviction under section 1172.6. The trial court appointed counsel to represent Real. The People opposed the petition on the ground that Real was not prosecuted under the natural and probable consequences doctrine or as an aider and abettor. Instead, he was prosecuted and convicted as the actual perpetrator who acted with malice aforethought. With its opposition, the People submitted the jury instructions. The trial court denied the petition, noting that the jury was not instructed on the natural and probable consequences doctrine or on aiding and abetting, and the jury had found that Real personally discharged a firearm, causing great bodily injury to the victim.

This appeal followed. Real's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send the record and a copy of the opening brief to Real, and we advised that within 30 days of the date of the notice, Real could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Real submitted a supplemental brief in which he argues that the gang enhancement was "used to prove premeditation and deliberation."

## DISCUSSION

To the end of ensuring a person's sentence is commensurate with the person's individual criminal culpability, Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which

3

malice is imputed to a person based solely on that person's participation in a crime.  (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)  Senate Bill No. 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime").

Senate Bill No. 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could no longer be convicted of murder under the amended law.  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Gentile*, *supra*, 10 Cal.5th at p. 847.)  At the prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved.  (*Lewis*, at p. 971.)  In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.)  At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion.  (*Lewis*, at p. 972.)  If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing.  (§ 1172.6, subds. (b)(3), (c), & (d)(1).)

4

Otherwise, the trial court may dismiss meritless petitions that do not establish a prima facie case for relief. (*Lewis*, at p. 971.)

Here, Real did not establish a prima facie case for relief. Real's jury was not instructed on felony murder, the natural and probable consequences doctrine or aiding and abetting. The jury also found true personal gun use allegations (§§ 12022.5 subd. (a); 12022.53, subd. (d)), a personal infliction of great bodily injury allegation (§ 12022.7), and that the attempted murder was committed willfully, deliberately, and with premeditation. The record of conviction therefore shows that Real was the sole participant in the crime and actual attempted killer, and he was convicted as such. (See, e.g., *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant ineligible for § 1172.6 relief where record made clear he was actual killer and only participant in the killing].)

As for Real's contention that the gang enhancement was used to prove premeditation and deliberation, a section 1172.6 petition is not a vehicle to relitigate alleged trial errors. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



LAVIN, J.



ADAMS, J.